**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES LANCE**, individually and on behalf of others similarly situated, | ) | Case No. |
| Plaintiff, | ) | |
| vs. | ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **I.D. IMAGES, LLC**, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff James Lance ("Plaintiff"), individually and on behalf of others similarly situated, for this collective and class action Complaint against Defendant I.D. Images, LLC dba ID Images ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Plaintiff brings this case as a collective action individually and on behalf of others similarly situated who may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of others similarly situated who have factually related claims under the OMFWSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over Plaintiff's asserted state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Plaintiff

7. Plaintiff is an adult individual residing within Hinkley, Ohio. Plaintiff's written Consent to Join this Action is attached as **Exhibit A**.

8. Plaintiff was employed for Defendant as a non-exempt, hourly press operator from approximately October 19, 2029, through August 6, 2025.

9. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

10. At all relevant times, Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### B. Defendant

11. Defendant is an Ohio limited liability company with its headquarters at 1120 West 130th Street, Brunswick, Ohio 44212 (Medina County). Defendant can be served through its Ohio registered statutory agent: Corporation Service Company, at 1160 Dublin Road, Suite 400, Columbus OH 43215.

12. Defendant is engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), and has employees, including Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

## FACTUAL ALLEGATIONS

13. Defendant is a label manufacturer headquartered in Brunswick, Ohio, operating 16 facilities across North America, that describes itself as a trusted "stock & custom label company" and claims it is "more than just a label provider; [it is] data communicators committed to delivering an all-encompassing, high-quality label experience."[1]

14. Defendant's domestic facilities are: Portland, OR; San Diego, CA; Brunswick, OH; Twinsburg, OH; Cincinnati, OH; Lebanon, TN; Greeneville, TN; Exton, PA; Danvers, MA; East Providence, RI.[2]

15. Defendant operates under the following brand names: ID Images, Shelf2Cart, Hickman Label, Digital Printing Concepts, Valley Forge, Impact Sleeves, Seneca Label, Summit Labels, Multi-Action, Precision Label, Modern Labels.[3]

**A. Defendant unlawfully adjusted time worked resulting in unpaid overtime.**

16. Defendant employs or employed Plaintiff and other similarly situated hourly employees.

---

[1] https://www.idimages.com/ (last viewed 9/25/2026).
[2] *Id*.
[3] *Id*.

17. At all relevant times, Plaintiff and other similarly situated employees regularly worked more than 40 hours in a workweek but were not paid for all hours worked that exceeded 40.

18. Plaintiff and other similarly situated employees were entitled to be paid overtime compensation equal to one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

19. Defendant tracks employee work time via electronic time clocks, or other means.

20. There was no practical administrative difficulty in recording this unpaid work of Plaintiff and other similarly situated employees.

21. In addition to working their normal shifts, Plaintiff and other similarly situated employees often performed post shift work, including, but not limited to cleanup, finishing jobs, filling out paperwork, and unloading or putting away tools or equipment, which resulted in having to work beyond normal clock-out times.

22. Such work performed was work that constituted a part of their principal activities, which Defendant required, and was for the benefit of Defendant.

23. Additionally, this work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

24. However, Defendant has a policy and practice of altering the clocked work time and instead recording and paying only from employees' shift start and end times.

25. In doing so, Defendant failed to pay Plaintiff and others similarly situated for all overtime wages earned in violation of the FLSA and Ohio law.

26. Defendant's failure to pay the lawful overtime wages, in violation of the FLSA and Ohio law, was willful, knowing, and/or reckless. Defendant knew it was supposed to pay Plaintiff

and others similarly situated for all hours worked, but instead intentionally altered the already recorded clocked work time.

**B. Defendant failed to pay for all time worked during unpaid meal breaks.**

27. During all relevant times, Defendant had a policy and practice of intermittently deducting, or causing to be deducted, 30-minute unpaid meal breaks from employees' time worked, including Plaintiff and those similarly situated.

28. Plaintiff and those similarly situated often worked through the entire meal break or were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

29. Despite the missed or interrupted meal breaks, Defendant continued to deduct, or cause to be deducted, 30 minutes from Plaintiff's and other similarly situated employees' time worked.

30. Defendant failed to accurately record and compensate Plaintiff and those similarly situated for all time worked, including time worked during missed and/or interrupted unpaid meal breaks.

31. As a result, Defendant failed to pay Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek in violation of the FLSA and Ohio law.

32. Defendant's failure to pay all work time during unpaid meal breaks, in violation of the FLSA and Ohio law, was willful, knowing, and/or reckless. Defendant knew it was supposed to pay Plaintiff and others similarly situated for all hours worked, but instead intentionally altered the already recorded clocked work time.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf himself and other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

34. The collectives that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is also a member, is composed of and defined as follows:

> **All current and former hourly employees who worked 40 or more hours in a workweek, who performed unpaid work for Defendant, at any time from three (3) years preceding the filing of the Complaint through final resolution of the matter ("FLSA Rounding Collective").**
>
> **All current and former hourly employees of Defendant who were subject to Defendant's unpaid lunch policy and who worked 40 or more hours during any workweek from three (3) years preceding the filing of the Complaint through final resolution of the matter ("Meal Break Collective").**

35. The FLSA Rounding Collective and Meal Break Collective will be collectively referred to as "FLSA Collective Members".

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as Plaintiff's own in bringing this action.

37. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to pay Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek.

All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

38. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS

39. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly employees of Defendant who worked 40 or more hours during any workweek and who performed unpaid work for Defendant during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Rounding Class").**
>
> **All current and former hourly employees of Defendant who were subject to Defendant's unpaid lunch policy and who worked 40 or more hours during any workweek at any time during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Meal Break Class").**

40. The Ohio Rounding Class and Ohio Meal Break Class will be collectively referred to as the "Ohio Classes".

41. The Ohio Classes are so numerous that joinder of all class members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals per class, whose identities are ascertainable from the payroll records Defendant have maintained, and was required to maintain, pursuant to Ohio law.

42. There are questions of law or fact common to the Ohio Classes including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly

situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates.

43. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Classes, listed above, are common to the Ohio Classes as a whole, and predominate over any questions affecting only individual class members.

44. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Classes.

45. Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendant' common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Classes' members.

46. Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

47. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation

**COUNT ONE**
**(FLSA Overtime Wages)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. §216(b).

51. At all relevant times, Plaintiff and the FLSA Collective Members regularly worked 40 or more hours per workweek for Defendant.

52. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

53. As hourly non-exempt employees, Plaintiff and the FLSA Rounding Collective members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek, including, but not limited to hours worked during the relevant pre- and post-shift periods. Defendant failed to do so.

54. Plaintiff and the Meal Break Collective members were not paid for all time worked because Defendant deducted 30-minute meal period even though Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

55. Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

56. Defendant failed to pay Plaintiff and the FLSA Collective Members the required overtime compensation.

57. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

58. Defendant's practice and policy of not paying Plaintiff and the FLSA Collective Members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

59. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

60. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

61. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Classes – Overtime Violations)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

64. At all relevant times, Plaintiff and the Ohio Classes' members regularly worked 40 or more hours per workweek for Defendant.

65. As hourly non-exempt employees, Plaintiff and the Ohio Rounding Class members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek, including, but not limited to hours worked during the relevant pre- and post-shift periods. Defendant failed to do so.

66. Plaintiff and the Ohio Meal Break Class members were not paid for all time worked because Defendant deducted 30-minute meal period even though Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

67. Plaintiff and the members of the Ohio Classes were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

68. Defendant failed to pay Plaintiff and the members of the Ohio Classes the required overtime compensation.

69. At all relevant times, Defendant knew it was required to pay Plaintiff and the members of the Ohio Classes all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

70. Defendant's practice and policy of not paying Plaintiff and the members of the Ohio Classes for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

71. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

72. As a result of Defendant's violations of the OMFWSA, Plaintiff and the members of the Ohio Classes were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of others similarly situated, respectfully request that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendant, jointly and severally, and in favor of Plaintiff, the FLSA Collective Members, and the Ohio Classes;

D. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes actual damages for unpaid wages;

E. Award Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the FLSA Collective Members;

F. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

H. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**BRIAN G. MILLER CO., LLC**

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
250 W. Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone: (614) 221-4035
Facsimile: (614) 987-7841
Email: als@bgmillerlaw.com

*Counsel for Representative Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Adam L. Slone*
*Counsel for Plaintiff*